IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LIGHTSPEED AVIATION, INC., an                10-CV-239-BR
Oregon corporation,

            Plaintiff,                       OPINION AND ORDER

v.

BOSE CORPORATION, a Delaware
corporation

            Defendant.


JOHN D. OSTRANDER
WILLIAM A. DREW
Elliott Ostrander Preston, PC
707 S.W. Washington Street, Suite 1500
Portland, OR 97205
(503) 224-7656

JOHN S. LEROY
JOHN P. RONDINI
MARC LORELLI
MARK A. CANTOR
Brooks Kushman P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
(248) 358-4400

            Attorneys for Plaintiff

1  -  OPINION AND ORDER

**LAURA R. SALERNO**
K&L Gates LLP
222 SW Columbia Street, Suite 1400
Portland, OR 97201
(503) 228-3200

**ANDREA B. REED**
**CHRISTOPHER CENTURELLI**
**JEFFREY L. SNOW**
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100

            Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Defendant Bose
Corporation's Motion (#20) to Dismiss, or in the Alternative to
Transfer Venue to the District of Massachusetts, or in the
Alternative for a More Definite Statement.  For the reasons that
follow, the Court **GRANTS** Defendant's Alternative Motion to
Transfer Venue to the District of Massachusetts.


                        <u>BACKGROUND</u>

    On May 5, 2010, Plaintiff Lightspeed Aviation, Inc., an
Oregon corporation, filed its First Amended Complaint against
Defendant Bose Corporation, a Delaware corporation headquartered
in Massachusetts.  In its First Amended Complaint, Plaintiff
asserts a *qui tam* action alleging numerous instances of false

2  -  OPINION AND ORDER

patent marking of products manufactured and sold by Defendant in violation of 35 U.S.C. § 292.

On May 19, 2010, Defendant filed its Motion (#20) to Dismiss, or in the Alternative to Transfer Venue to the District of Massachusetts, or in the Alternative for a More Definite Statement.

## **STANDARDS**

35 U.S.C. § 292(a)September 30, 2010 makes it illegal to mark falsely an article as patented with an intent to deceive the public.  Section 292(a) provides:

> Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word importing that an

3  -  OPINION AND ORDER

application for patent has been made, when no
application for patent has been made, or if
made, is not pending, for the purpose of
deceiving the public--

Shall be fined not more than $500 for every
such offense.

Section 292(b) creates a *qui tam* civil action in which the
public may stand in place of the United States to enforce the
statute by bringing a claim for violation of § 292(a):  "Any
person may sue for the penalty, in which event one-half shall go
to the person suing and the other to the use of the United
States." *See Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295,
1301-04 (Fed. Cir. 2009).

### DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

As noted, Defendant seeks:  (1) dismissal of Plaintiff's
First Amended Complaint for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6); (2) in the alternative,
a transfer of this matter to the United States District Court for
the District of Massachusetts under 28 U.S.C. § 1404(a); or
(3) in the alternative, a more definite statement by Plaintiff of
the basis for its claim.  Because the Court has determined this
matter should be transferred to the United States District Court
for the District of Massachusetts, the Court addresses only
Defendant's Motion with respect to the transfer of this matter

under § 1404(a).

I.    **The Law.**

Transfers of venue between the federal courts is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "This statute partially displaces the common law doctrine of *forum non conveniens*.  Nonetheless, *forum non conveniens* considerations are helpful in deciding a § 1404 transfer motion."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)(citations omitted).  A motion to transfer is within the discretion of the district court and depends on "a case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

When deciding a motion to transfer venue, a court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."  *Id.   See also Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995).  Traditionally courts have recognized a "strong presumption" in favor of a plaintiff's choice of forum and placed the burden on the moving defendant to "make a strong showing of inconvenience" in order to upset the plaintiff's choice of forum. *Id.*  In the context of a *qui tam* action, however, courts have

5  -  OPINION AND ORDER

afforded a plaintiff's choice of forum far less weight because
such plaintiffs assert the rights of another; *i.e.*, the United
States.  *See San Francisco Tech., Inc. v. The Glad Prod. Co.*, No.
10-CV-966 JF (PVT), 2010 WL 2943537, at *7-8 (N.D. Cal. July 26,
2010)(citing numerous district court cases from across the United
States that have followed the principle of giving "little
consideration" to a plaintiff's choice of forum in a *qui tam*
action).  *See also FLFMC, LLC v. Ohio Art Co.*, No. 10-230, 2010
WL 3155160, at *2 (W.D. Pa. July 30, 2010)(same).  Although it
appears the Ninth Circuit has not specifically addressed the
issues arising from a motion to transfer a *qui tam* action under
§ 292, the Court notes other district courts have addressed such
motions and have ruled in favor of a transfer to the defendant's
chosen forum.  *See, e.g., San Francisco Tech.*, 2010 WL 2943537,
at *5-12 (granting six defendants' requests to transfer the
plaintiff's *qui tam* action under § 292 to the defendants'
separate "home" fora); *FLFMC, LLC*, 2010 WL 3155160, at *1-3
(granting the defendant's request to transfer the plaintiff's *qui
tam* action under § 292 to the defendant corporation's home
forum).

     In light of the foregoing, the Court also must weigh
relevant private- and public-interest factors when considering a
motion to transfer.

## II.   Private-Interest Factors.

The private-interest factors the Court must consider include:

> (1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining willing witnesses; (3) possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive.

*Creative Tech.*, 61 F.3d at 703.

Defendant contends the Court should transfer this matter to the District of Massachusetts because it is the more convenient venue for this litigation.  In support of its Motion, Defendant submitted the Declaration of David L. Schuler, intellectual property counsel for Bose.  In his Declaration, Schuler states Defendant's corporate headquarters and principal place of business are in Framingham, Massachusetts.  Accordingly, Schuler asserts the sources of proof related to Plaintiff's false-marking claims (such as all documents and witnesses) are located in the District of Massachusetts, and none are located in Oregon.  In addition, Defendant contends all acts related to Plaintiff's false-marking claim occurred in Massachusetts.  Moreover, Schuler attests Bose's products are all designed, developed, and tested in Massachusetts, and all employees responsible for strategic production and marketing decisions reside in Massachusetts.  Defendant also notes even though the witnesses in this case are

7  -  OPINION AND ORDER

Defendant's employees and are, therefore, likely to testify
voluntarily, they are not subject to the compulsory process of
this Court because they reside in Massachusetts.  Finally,
Defendant contends none of the evidence required to prove
Plaintiff's claims is in this District.

Plaintiff, in turn, contends Defendant is merely attempting
to shift the inconvenience of the forum to Plaintiff and cites
this Court's Opinion and Order denying the defendants' motion to
transfer in *Buckman v. Quantum Energy Partners IV, LP*, No. 07-CV-
1471-BR (D. Or. May 29, 2008).  *Buckman*, however, is easily
distinguished.  In that matter, the Court found the division of
sources of evidence between the proposed fora of the plaintiffs
and defendants was much more even, and the Court, therefore,
concluded defendants were merely trying to shift the burden of
litigating in another district to the plaintiffs.  *Id.,* at *10.
Moreover, in *Buckman* the Court applied the traditional
presumption in favor of the plaintiff's choice of forum and found
the defendants had not made a sufficiently compelling showing to
overcome that presumption.  *Id.,* at *10-11.  Here, as noted, the
Court is not required to give Plaintiff's choice of forum much
weight because Plaintiff is pursuing a *qui tam* action.

Plaintiff also contends the harm from Defendant's alleged
false marking occurred in Oregon.  The harm to Plaintiff,
however, is not an element of the claim under § 292, which

requires proof that Defendant falsely marked one or more of its products and did so with an intent to deceive the public.  The penalty for such a violation is fixed by statute, and the locale of Plaintiff's damages, therefore, will not be relevant.  *See* 35 U.S.C. § 292(a).

Although Plaintiff attempts to minimize the importance of several of Defendant's stated sources of proof, the undisputed fact at this stage is that the bulk of the relevant evidence, whether documentary or testimonial, is located in the District of Massachusetts.  Furthermore, the Court does not agree with Plaintiff's argument that the knowledge of Defendant's employees regarding the design, development, marketing, and distribution of Defendant's disputed products is irrelevant to this matter.

Finally, Plaintiff points out that Defendant has two retail stores located in Oregon, but the Court finds this fact alone does not contradict or undermine Defendant's arguments as to the District of Massachusetts being the more convenient forum for this matter and does not alter the Court's conclusion as to the private-interest factors.

On this record, the Court finds the bulk of the sources of proof for Plaintiff's claim is in Massachusetts, and there is little, if any, evidence that is relevant to this matter located in Oregon.  Accordingly, the Court concludes Defendant has demonstrated the private-interest factors weigh heavily in favor

of transfer to the District Court for the District of

Massachusetts for the sake of convenience and fairness.

**II.   Public-Interest Factors.**

The public-interest factors the Court must consider include

> (1) administrative difficulties flowing from
> court congestion; (2) imposition of jury duty
> on the people of a community that has no
> relation to the litigation; (3) local
> interest in having localized controversies
> decided at home; (4) the interest in having a
> diversity case tried in a forum familiar with
> the law that governs the action; [and] (5)
> the avoidance of unnecessary problems in
> conflicts of law.

*Creative Tech.*, 61 F.3d 696, 703-04.

Neither party presents any statistics regarding the

respective caseloads of the Districts of Oregon and

Massachusetts.  Defendant offers the docket sheet in the matter

currently pending between Plaintiff and Defendant in the District

of Massachusetts as evidence that the District Court of

Massachusetts can handle complex patent-infringement litigation

in a regular and expeditious manner.  Plaintiff does not dispute

Defendant's argument.  A review of the Federal Court Management

Statistics from 2009 provided by the United States Courts[1]

reveals the District of Massachusetts had overall a slightly

larger number of cases filed in 2009 than the District of Oregon,

but the District of Oregon had a higher number of cases per

---

[1]  http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2009.pl

judge.  Thus, on this record, this factor does not weigh heavily
in favor of either district.

With respect to factor two, trial in the District of Oregon
would impose a greater burden on jurors who have little or "no
relation to the litigation."  Although it is undisputed that
Defendant sold its products in at least two retail locations in
Oregon, Defendant contends the same is true of the District of
Massachusetts and many other states throughout the country.  When
comparing the two states, this factor weighs in favor of
Defendant's choice of forum because of Defendant's numerous and
substantial connections with the District of Massachusetts.

The third factor is only minimally relevant to resolving
this matter because this controversy is between two corporations
on opposite sides of the continent rather than a "localized" one
and concerns Defendant's products, which are sold throughout the
country and in many parts of the world.  Furthermore, this matter
is governed by federal patent law rather than local law.
Ultimately, this factor may weigh slightly in favor of
Defendant's choice of forum for the same reasons as factor two.
In any event, the Court does not give this factor much weight in
resolving this Motion.

The fourth and fifth factors do not weigh in favor of either
party because Plaintiff's claim is governed by federal patent law
and both districts are familiar with and can apply federal law.

Accordingly, the Court concludes the public-interest factors as they apply to this matter weigh in favor of Defendant's choice of forum.

In summary, the Court finds the private- and public-interest factors weigh in favor of Defendant's choice of forum in the District of Massachusetts. In light of the lesser weight given to the plaintiff's choice of forum in *qui tam* actions, the Court, in the exercise of its discretion, concludes the interests of justice and convenience are better served on balance by transferring this matter to the District Court for the District of Massachusetts. The Court, therefore, grants Defendant's Alternative Motion to Transfer pursuant to 28 U.S.C. § 1404(a).


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Alternative Motion (#20) to Transfer Venue to the District of Massachusetts and **DIRECTS** the Clerk of Court to transfer this matter to the United States District Court for the District of Massachusetts.

IT IS SO ORDERED.

DATED this 30th day of September, 2010.


                                        /s/ Anna J. Brown
                              _____
                                        ANNA J. BROWN
                                        United States District Judge


12 - OPINION AND ORDER